UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

SUSAN BRANHAM, PHILLIP
TOUSIGNANT, VERA VIERA,
and PAUL RUFF,

                              Plaintiffs,

        -against-                                                    8:10-CV-0111 (LEK)

RICHARD DAINES, as Commissioner,
New York State, Department of Health,

                              Defendant.

_____


**MEMORANDUM-DECISION AND ORDER**

**I.      BACKGROUND**

        Before the Court is an Emergency Motion for a temporary restraining order ("TRO")

brought by Plaintiffs Susan Branham, Phillip Tousignant, Vera Viera, and Paul Ruff

("Plaintiffs").  Dkt. No. 2 ("Pls.' Mot.").  Plaintiffs' Motion seeks to bar the New York State

Department of Health ("DOH") from implementing a change in State policy that directs eighteen

to twenty Service Provider Agencies ("Providers") to transition their Medicaid Traumatic Brain

Injury Waiver ("Waiver") participants to other approved provider agencies.  Id.  Plaintiffs allege

that the change in policy occurred without adequate notice and without the necessary safeguards

required under the United States Constitution and the Medicaid Act, 42 U.S.C. § 1396a, *et. seq.*

Id.  Plaintiffs bring the instant action against Richard Daines ("Defendant") in his capacity as

Commissioner or the New York State Department of Health pursuant to 42 U.S.C. § 1983.

1

DOH is the state agency responsible for administering the Home and Community Based Services Medicaid Waiver for Individuals with Traumatic Brain Injury.  Class Action Compl. (Dkt. No. 1) ("Compl.") ¶¶ 22-24.  This Waiver uses federal Medicaid funding to provide services that allow individuals diagnosed with traumatic brain injury ("TBI") to move into the community or otherwise avoid unnecessary institutionalization.  ¶¶ 25-26.  Only individuals deemed capable of living in the community with services accessible through the Waiver are eligible to participate in the Waiver program.  Id. 32.

As of 2007, providers were to be licensed by DOH as a Home Care Services Agency in order to provide Home and Community Support Services ("HCSS") to Waiver participants.  Id. ¶ 42.  On April 29, 2009, DOH informed HCSS providers of this requirement and that Waiver participants receiving care from a provider whose license was pending at DOH would be referred to Local Departments of Social Services pending approval of the license.  Compl. ¶ 45.  In October 2009, DOH posted a bulletin advising that these requirements would become effective December 31, 2009.  Id. ¶ 46.  Further, HCSS providers not actively engaged in the license process would need to transfer participants by December 31, 2009.  Id ¶ 47.  On December 31, 2009, DOH called eighteen to twenty agencies providing services to inform them that they would need to transfer their Waiver participants to an approved provider.  Id. ¶ 48.  Plaintiff alleges that all of these Providers had active applications for HCSS licensure and believed that they were exempt from the transition mandate.  Id. ¶¶ 51-52.  The confusion over whether these Providers were covered led many to continue providing HCSS into the third week of January.  Id. ¶ 54.

Plaintiffs and their proposed class are adults who have been diagnosed with TBI and who are living in their own communities and receiving services through the Waiver program.  Compl.

¶ 3.  Plaintiffs receive services provided by the eighteen to twenty providers alerted by DOH on December 31, 2009 and are, therefore, subject to the transfer order.  Pls.' Mot. at 2.  Plaintiffs allege that all those subject to the order will experience "substantial upheaval or a life turned upside down by the *literally* overnight replacement of long familiar staff with strangers" and some "will be institutionalized due to insufficient resources" and "are at high risk of being unattended."  Id. (emphasis in original).

## II.   DISCUSSION

When deciding a motion for a temporary restraining order, the Court follows the same legal standard as that for a motion for a preliminary injunction.  Freeman v. McKnight, No. 07-CV-01123, 2007 WL 3254431, at *1 (N.D.N.Y. Nov. 2, 2007) (citing Local 1814, Intern. Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc., 965 F.2d 1224, 1228 (2d Cir. 1992)).  Generally, the "district court may grant a preliminary injunction where the moving party establishes: (1) that it is likely to suffer irreparable injury if the injunction is not granted, and (2) either (a) a likelihood of success on the merits of its claim, or (b) the existence of serious questions going to the merits of its claim and a balance of the hardships tipping decidedly in its favor."  Id. (citing Moore v. Consolidated Edison Co. of New York, Inc., 409 F.3d 506, 510-511 (2d Cir. 2005)).

"Such relief . . . is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion. "  Moore, 409 F.3d at 510-11.  Moreover, in some cases, a significantly higher standard applies.  Jolly v. Coughlin, 76 F.3d 468, 473 (2d Cir. 1996).  Where the moving party seeks to "affect government action taken in the public interest pursuant to a statutory or regulatory scheme," as is the case here, "the

injunction should be granted only if the moving party meets the more rigorous likelihood-of-success standard."  Sussman v. Crawford, 488 F.3d 136, 140 (2d Cir. 2007).

Plaintiffs do not sustain their burden to demonstrate why a TRO should issue, and, accordingly, the Court must deny the relief sought.  First, Plaintiffs do not make a sufficient showing as to the likelihood of their suffering irreparable injury due to the denial of the TRO.  Neither their Motion for the TRO nor the material referenced therein begin to indicate that "irreparable" harm is likely to befall the Plaintiffs in the absence of the TRO.  Plaintiffs allege that the transition process is not proceeding smoothly or "com[ing] off without a hitch."  Pls.' Mot. at 6.  Plaintiffs also allege that the "continuous, uninterrupted flow of services is critical." Id.  The extraordinary remedy of a preliminary injunction, however, is not to be implemented simply because a change in policy fails to come off without a hitch or allegations of irreparable psychological harm that will follow from it.  See Moore, 409 F.3d 506, 511.  Plaintiffs have alleged, but otherwise failed to show, that there are not enough service providers to accept transitioned participants.  Compl. ¶ 57.  Plaintiffs suggest that "[depending on the length of [potential] institutionalization . . . participants . . . are at risk of losing their housing."  Id. 59. Plaintiffs allegations are too speculative to warrant this Court to issue a preliminary injunction at this time.

Plaintiffs, with respect to the relief sought through the TRO, also fail to indicate a substantial likelihood of success on the merits of their claim against Defendant.  Plaintiffs allege that the "failure of continuity of services constitutes a breach of the federal requirements concerning reasonable promptness, scope and duration, and services administered without harm . . . [and t]he failure to deliver any services is . . . a deprivation of a right, privilege, or immunity

4

secured by the Constitution or laws of the United States." Pls.' Mot. at 4-5. Critically, however, Plaintiffs have failed to show how they have been deprived of their entitlements to Medicaid benefits under the Waiver program as a result of the notice window given by DOH to Providers. Similarly, they have failed to articulate reasons why the transition will likely be found a violation of Plaintiffs' rights under the law. Without further evidence supporting their claim that DOH's transition policy is a violation of Plaintiffs' rights under the law, Plaintiffs cannot show how their claim is likely to succeed on the merits.

For these reasons, Plaintiff fails to meet both prongs that would permit this Court to issue the TRO sought.

**III.    CONCLUSION**

Accordingly, it is hereby

**ORDERED**, that the Plaintiffs' Motion for a Temporary Restraining Order (Dkt. No. 2) is **DENIED**; and it is further

**ORDERED**, that the Clerk serve a copy of this order on all parties.


**IT IS SO ORDERED**.


DATED:        February 03, 2010
              Albany, New York

Lawrence E. Kahn
U.S. District Judge