UNITED STATES DISTRICT COURT
<u>NORTHERN DISTRICT OF NEW YORK</u>

SUSAN BRANHAM, PHILLIP
TOUSIGNANT, VERA VIERA, and
PAUL RUFF,

                Plaintiffs,

  -against-                                          8:10-CV-0111 (LEK)

RICHARD DAINES, as Commissioner,
New York State, Department of Health,

                Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    BACKGROUND**

Before the Court is an Order to Show Cause for a Preliminary Injunction brought by Plaintiffs Susan Branham, Phillip Tousignant, Vera Viera, and Paul Ruff ("Plaintiffs"). Dkt. No. 2 ("Pls.' Mot."). Plaintiffs' Motion was filed along with an Emergency Motion for a temporary restraining order ("TRO") seeking to bar the New York State Department of Health ("DOH") from implementing a change in State policy that directs eighteen to twenty Service Provider Agencies ("Providers") to transition their Medicaid Traumatic Brain Injury Waiver ("Waiver") participants to other approved provider agencies. Id.

Plaintiffs allege that DOH's change in policy occurred without adequate notice and without the necessary safeguards required under the United States Constitution and the Medicaid Act, 42 U.S.C. § 1396a, *et. seq.* Id. Plaintiffs bring the instant action against Richard Daines ("Defendant") in his capacity as Commissioner or the New York State Department of Health pursuant to 42 U.S.C. § 1983.

Plaintiffs' TRO was denied by Order of the Court on February 3, 2010. Dkt. No. 5. Plaintiff's Order to Show Cause for a Preliminary Injunction was not decided at that time.

## II. DISCUSSION

For reasons presented in the Court's February 3, 2010 Memorandum-Decision and Order, Plaintiffs' failed to present sufficient documentation for the Court to grant the drastic remedy of a TRO enjoining Defendant's implementation of its new policy. Plaintiffs' concurrent Order to Show Cause for a Preliminary Injunction shall, therefore, be construed as a Motion for a Preliminary Injunction. Plaintiffs are directed to submit supporting documentation in accordance with the Local Rules, setting forth the grounds for their request. A hearing will be held on February 25, 2010 at 9:30 a.m.

## III. CONCLUSION

Based on the foregoing, it is hereby

**ORDERED**, that Plaintiffs' Order to Show Cause for a Preliminary Injunction (Dkt. No. 2) shall be construed as a Motion for a Preliminary Injunction; and it is further

**ORDERED**, that a hearing will be held before the Honorable Lawrence E. Kahn of the Northern District of New York in Albany, NY on **Thursday, February 25, 2010 at 9:30 a.m.**, or as soon thereafter as counsel may be heard, to determine if a preliminary injunction shall be issued in this case; and it is further

**ORDERED**, that sufficient cause appearing therefore, service by mail of a copy of Plaintiffs' Motion and this Order on the counsel of record on or before **9:00 a.m. on Monday, February 8, 2010** shall constitute sufficient service thereof; and it is further

**ORDERED**, that the briefing schedule on the preliminary injunction Motion will proceed

as follows:

(1)     Plaintiffs shall serve their briefing on the Motion for preliminary injunction no later than Monday, February 15, 2010.

(2)     Defendants shall serve response papers no later than Monday, February 22, 2010.

(3)     The hearing on the Motion will be held on **Thursday, February 25, 2010 at 9:30 a.m.**, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order on all parties.

**IT IS SO ORDERED**.

DATED:     February 05, 2010
           Albany, New York

_____
Lawrence E. Kahn
U.S. District Judge